# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ESPINOZA BARRON,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX,<br>Respondent. | Case No. 1:26-cv-08807-KES-SAB-HC<br><br>ORDER DENYING MOTION TO MODIFY SCHEDULE<br><br>(ECF No. 11)<br><br>ORDER RE: MOTION FOR TEMPORARY RESTRAINING ORDER AND CONFIRMING EXISTING BRIEFING SCHEDULE |

Petitioner is a federal immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On October 26, 2026, Petitioner filed a petition for writ of habeas corpus and a motion for expedited return. (ECF No. 1.) On October 28, 2026, the Court issued a briefing schedule with a twenty-one-day deadline for Respondent's response and denied Petitioner's motion to expedite. (ECF No. 8.)

On November 2, 2026, Petitioner filed a first amended petition for writ of habeas corpus. (ECF No. 10.) Petitioner also filed a motion to modify the briefing schedule and a motion for temporary restraining order ("TRO"). (ECF Nos. 11, 12.) On November 4, 2026, the assigned district judge referred the motion for TRO to the undersigned. (ECF No. 14.)

"The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, [is] made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11[.]" Mayle v. Felix, 545 U.S. 644, 655 (2005). Rule 15(a)(1) provides that within twenty-one days after service of a responsive pleading or a motion to dismiss, a

"party may amend its pleading once as a matter of course." Fed. R. Civ. P. 15(a)(1). Here, as no responsive pleading or motion to dismiss has been filed, Petitioner may amend his petition as a matter of course.

The Court has conducted a preliminary review of the first amended petition ("FAP") and motion for TRO. The Court intends to issue findings and recommendations on the merits of the FAP, with the understanding that the Court will also consider any arguments made and exhibits submitted in support of the motion for TRO. See Fed. R. Civ. P. 65(a)(2) ("Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."); Dzhabrailov v. Decker, No. 20-CV-3118 (PMH), 2020 WL 2731966, at *4 (S.D.N.Y. May 26, 2020) (considering preliminary injunction and merits of habeas petition simultaneously).

Given that the original deadline for a response is November 18, 2026, the Court finds that it need not adjust the existing briefing schedule to accommodate the filing of the FAP. As the Court has discretion to fix the time for filing a response, Cluchette v. Rushen, 770 F.2d 1469, 1473–74 (9th Cir. 1985), the Court denies Petitioner's motion to modify the briefing schedule. See Schwarz v. Meinberg, 478 F. App'x 394, 395 (9th Cir. 2012) (rejecting petitioner's contention that district court erred by permitting a time limit exceeding the limits specified in 28 U.S.C. § 2243).

Accordingly, the Court HEREBY ORDERS:

1. Petitioner's motion to modify schedule (ECF No. 11) is DENIED; and
2. Per the Court's original scheduling order, Respondent SHALL FILE a response to the first amended petition on or before November 18, 2026.

IT IS SO ORDERED.

Dated: **November 5, 2026**

STANLEY A. BOONE
United States Magistrate Judge